**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DARRYL WILLIAMS**

                **Plaintiff,**

-vs-                                                  Case No.  6:04-cv-1879-Orl-19KRS

**THE CITY OF DAYTONA BEACH, a municipal corporation and political subdivision of the State of Florida; CHIEF KENNETH SMALL, Chief of Police of the Daytona Beach Police Department, in his official capacity; OFFICER G.A. SAULT, OFFICER C. VAHEY, OFFICER B. ALLEN, OFFICER S. GOSS, OFFICER RUFF, and SERGEANT M. BURKETT, individually and as agents and employees of the Daytona Beach Police Department**

                **Defendants.**
_____

# ORDER

This case comes before the Court on Defendant City of Daytona Beach's Motion to Disqualify Plaintiff's Counsel and Motion to Strike Exhibits Filed by Plaintiff in Response to Defendants' Motion for Summary Judgment (Doc. No. 75, filed on February 13, 2006) and Plaintiff Darryl Williams' Motion and Memorandum of Law in Opposition to Defendants' Motion to Disqualify Plaintiff's Counsel and to Strike Exhibits (Doc. No. 79, filed on February 14, 2006).

In its motion, Defendant asks this Court to strike the exhibits filed by Plaintiff at Docket Number 68 on the grounds that the exhibits were not properly authenticated.  Because the

Court has already found that exhibits one through seventy-seven are inadmissible due to the failure to properly authenticate the exhibits, the Court denies Defendant's Motion to Strike Plaintiff's Exhibits at Docket Number 68 as moot.  (*See* Doc. No. 80, filed on February 15, 2006, pp. 13-16).

Defendant also asks the Court to disqualify Plaintiff's counsel, Frank Allen, because Allen submitted an affidavit in support of Plaintiff's response to Defendants' Motion for Summary Judgment.  Defendant argues that Allen has now made himself a witness in this case and can no longer represent his client under these circumstances.

Defendant's Motion to Disqualify Plaintiff's counsel is without merit.  Allen avers that he has no intention of testifying in this case and has not been designated as a witness in this case. (Doc. No. 79, p. 2).  Furthermore, the Court has already found that Allen is not competent to testify on behalf of his former clients because he lacks personal knowledge of the matters affecting his former clients.  (Doc. No. 80, pp. 36-37).  Therefore, the Court **denies** Defendant's Motion to Disqualify Plaintiff's Counsel.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February _21___, 2006

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record